Contracts; disputes; administrative decision; substantial evidence; conflicting evidence; painting contract. — On February 1, 1980 the court entered the following order:
Marsha Peterson, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
This construction contract case is before the court on cross-motions for summary judgment. Plaintiff contracted with defendant to clean, coat, and paint certain Army buildings at Fort Ord, California. A variety of disputes arose under the contract and plaintiff now seeks Wunderlich Act review, 41 U.S.C. §§ 321, 322 (1976) of a decision of the Armed Services Board of Contract Appeals (hereinafter, "Board”) which denied a portion of plaintiffs claims. We conclude the Board’s decision was neither arbitrary, nor capricious, was supported by substantial evidence and was correct as a matter of law.
Under Contract No. DAKF03-76-C-0063, dated June 30, 1976, plaintiff agreed to clean, apply a coat of block filler to, and paint approximately 251 Army buildings at Fort Ord, California. During performance of the contract plaintiff experienced difficulties applying the block filler to stucco surfaces with its airless spray gun equipment. Application by spraying was only one of the three methods of application noted in the contract: application by brush and by roller were also mentioned. Plaintiff contends the block filler, because of its thickness, could not be applied satisfactorily either by spraying or by roller. However, the Board found that on one occasion plaintiff was observed by the Government’s engineer technician applying the block filler by roller with good results.[1]
In response to plaintiffs complaints concerning spraying difficulties with the block filler, the contracting officer, by letter of February 22, 1977, suspended work on the contract for three weeks pending a check on the block filler’s application properties. A test performed at the Fort Ord paint shop demonstrated the block filler, unthinned, could be satisfactorily applied by roller to concrete block and poured concrete surfaces.[2]
*606 The contract was completed during the summer of 1977 and plaintiff filed for various equitable adjustments before the Board insisting difficulties in spraying the block filler caused plaintiff to incur unwarranted expenses due to, for example, disabled spraying equipment. Though the exact nature of plaintiffs argument before the Board is unclear, plaintiffs contention now is that the block filler could not be applied by spray gun as the block filler’s specification, TT-F-1098D, represented.[3] The Government’s insistence upon compliance with an allegedly defective specification, plaintiff now argues, entitles it to recovery for a compensable change.
Upon consideration of plaintiffs request for an equitable adjustment for problems in block filler application the Board ruled that "the record does not persuade the Board that the specified filler could not be applied as contemplated.” T.W.P. Company, ASBCA 22012, 78-2 BCA ¶ 13,383 (1978). Plaintiff attacks this conclusion as arbitrary, capricious, and unsupported by substantial evidence, citing instances from the record where trouble spraying the block filler is indicated.
There is ample evidence in the record to support the Board’s conclusion and it must be affirmed. Application of the block filler by roller, as well as by spray equipment, was a method contemplated by both the contract and the Federal Specification, TT-F-1098D. Despite plaintiffs position, there is sufficient evidence in the Board’s findings of fact to constitute substantial evidence that the block filler could be applied by roller, as we have noted above. Simply because there was evidence to the contrary in the record *607 does not mean the Board’s decision was not supported by substantial evidence, see Koppers v. United States, 186 Ct. Cl. 142, 405 F. 2d 554 (1968).
Accordingly, upon consideration of the parties’ submissions and after oral argument, plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.

 See T.W.P. Company, ASBCA Nos. 22012, 22301, 78-2 BCA ¶ 13,383 (1978), finding of fact 10.

 T.W.P. Company, id. finding of fact 17.

 The contract called for Federal Specification TT-F-1098D (23 Sept. 1974) to be used as block filler, Technical Provisions 2.1, Federal Specification TT-F-1098D provides at paragraph 3.4.4 that:
"Spraying properties. The filler, as tested in 4.3.3 shall spray satisfactorily in all respects, and shall show no running, streaking, or pronounced orange peel.”
Paragraph 6.4 of Specification TT-F-1098D further provides:
"The filler covered by this specification is suitable for brushing and rolling application at package consistency. For spray application, instruction from the manufacturer is necessary.”
In attempting to spray apply the filler, plaintiff did seek the instructions of its block filler supplier, Chemrex Specialty Coatings, Inc., which evidently gave plaintiff different and somewhat conflicting advice at various times. Chemrex assured plaintiff by letter of November 16, 1976, that its block filler complied with all the specification requirements of TT-F-1098D.